UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL WILLIAMS, KYU PYO HAN, and MAN SUP WOO,<br><br>    Defendants.<br><br>In re Material Witness:<br><br>HYO JIN LEE | Case No. CR05-265-RSM-JPD<br><br>DETENTION ORDER<br>Material Witness |

<u>Offense charged</u>:  Material Witness

<u>Date of Detention Hearing</u>:   July 15, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and 3144, and based upon the factual findings and statement of reasons hereafter set forth, finds that detention is necessary to adequately secure the testimony of the material witness, and to prevent a failure of justice.

    FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Ms Lee was arrested on a material witness warrant in the matter of <u>United States v. Michael Williams, et al.</u>, CR05-0265-RSM, upon a finding that it was impracticable to secure

DETENTION ORDER                                                  15.13
18 U.S.C. § 3142(i)                                    Rev. 1/91
PAGE 1

her presence by subpoena.  She made her initial appearance in this Court on July 13, 2005.

(2) The United States has moved to detain Ms. Lee pursuant to 18 U.S.C. § 3144 for a reasonable period until her deposition can be taken pursuant to the Federal Rules of Criminal Procedure.

(3) The Pretrial Services Report of July 13 2005, reveals that there is an immigration detainer lodged against the material witness.

(4) The material witness was born in Korea, and according to the Assistant United States Attorney and criminal records, the witness is a citizen of Korea.

(5) There is no information available regarding the material witness's personal history, residence, family ties, or ties to the Western District of Washington, income, financial assets or liabilities, physical/mental health or controlled substance use if any.

(6) The material witness is viewed as a risk of nonappearance based on her unknown background information and lack of information about any ties to this community or to the Western District of Washington.

(7) The Court finds that further detention is necessary to prevent a failure of justice. The material witness will be detained until his testimony can adequately be secured.

It is therefore ORDERED:

(1) The material witness shall be detained pending the taking of his testimony and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The material witness shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which material witness is confined shall deliver the material witness to a United States Marshal

for the purpose of an appearance in connection with a court proceeding or for providing testimony in connection with a case pending in this court; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the material witness, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of July, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91